WEALTHY FRIES, 1256; JOHN J. FRIES, 1257, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 28, 1930.*

TRUMAN A. SNELL, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It appears that claimants in suits No. 1256 and 1257 were driving in a southerly direction in an automobile on Section 23, hard road Route No. 16 in Macoupin County, Illinois.

It is alleged that a gap of considerable length where said Route No. 16 crosses at the one track of the Illinois Traction System and three tracks of the Wabash Railroad Company was unfinished; that on the 12th day of June, 1927, while the claimants were driving in their automobile as aforesaid, they suffered an accident and it is claimed that both claimant and wife were injured and that the automobile, property of claimants was damaged in the neighborhood of $1,000.00.

It does appear from the record in this case that this is a dangerous spot and that proper warning signs were not displayed.

The Attorney General comes and defends and states that a sign directing people going from Mt. Olive to Staunton, between which places the accident occurred, was on display and that this sign was not taken down until after the accident; that this sign warned travelers to go on the detour; that claimants did not follow the directions on said sign.

It is however claimed and we fail to find any contradiction of the records to the contrary that the stretch of road on which the accident complained of happened, had not been taken over by the State of Illinois and that the jurisdiction over said road or control of said road rested with the local

authorities and therefore the State had not assumed any liability that might be attached. The following statute has been drawn to the attention of this court by the Attorney General's office and is in words and figures as follows:

"That the public highways upon which said roads are being constructed shall, during the construction period and continuously thereafter, be under the jurisdiction and control of said Department of Public Works and Buildings, but the duty of maintaining said highways shall rest on the local authorities until said construction work has been completed. After a road in said State-wide system has been completed and taken over by said Department of Public Works and Buildings said road shall thereafter be maintained by the state" * * * (Paragraph 277, Chapter 121, page 2409, Smith-Hurd's Illinois Revised Statutes, 1927).

The court is of the opinion that the records disclose a lack of reasonable diligence on the part of the claimants and their failure to observe the detour sign and of course that question would be an issue in the event that the State of Illinois had taken over this road, but in accordance with a previous ruling of this court, the State of Illinois is not bound as a matter of law until the road would be taken over by the State. In many instances it is well known that local authorities in their desire to permit early traffic let down barriers and permit traffic in order to meet the demand of the public. This cannot be considered good practice and of course the State of Illinois is not supposed to open its arms to any proposition until they assume complete control and this court assumes that the Legislature had in mind when they passed the above enactment, to avoid' responsibility before the State duly accepted and assumed control of any road project.

It is the opinion of the court that liability on the part of the State of Illinois should be safeguarded in a manner equal to that of private corporations. The court regrets the accident and the injuries sustained by claimants but are of the opinion that legal responsibility for the accident in question cannot be placed upon the State of Illinois in view of the Act of legislature above cited.

Therefore this claim is disallowed.